**DAY PITNEY LLP**
ONE JEFFERSON ROAD
PARSIPPANY, NJ 07054
(973) 966-6300
(973) 966-1015 FAX

**ATTORNEYS FOR** Defendants
United Parcel Service, Inc.,
Ed Farentino, Geo Velasquez,
Richard Colucci, and Patricia Jones

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTOR VILLANUEVA, | : | **DOCUMENT FILED ELECTRONICALLY** |
| Plaintiff, | : | Civil Action No. 10-CV-2154 (CCC) |
| v. | : | |
| UNITED PARCEL SERVICE, INC., EDDIE FARENTINO, GEO VELASQUEZ, RICHARD COLUCCI, PAT JONES, ABC CORPORATIONS 1-20 and JOHN DOES 1-10, | : | ~~PROPOSED~~ **REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE IN ITS ENTIRETY FOR FAILURE TO PROSECUTE** |
| Defendants. | : | |

THIS MATTER has been referred to this Court for a Report and Recommendation on the Order to Show Cause for the Entry of an Order Dismissing the Complaint With Prejudice for Failure to Prosecute filed by Day Pitney LLP, attorneys for

defendants United Parcel Service, Inc., ("UPS"), Ed Farentino, Geo Velasquez, Richard Colucci, and Patricia Jones (collectively the "defendants"); and

The Court having considered defendants' Memorandum of Law, Certification of Brigette N. Eagan, and Certification of David K. Reid and the oral argument held on March 20, 2013; and

WHEREAS the record before the Court shows that UPS terminated plaintiff nearly four years ago on May 3, 2009; and

WHEREAS plaintiff filed a Complaint almost three years ago, on April 28, 2010, against UPS, his three supervisors, and a UPS Human Resources representative who investigated the allegations that led to his termination; and

WHEREAS the Court initially dismissed the Complaint after plaintiff failed to properly effectuate timely and/or proper service on the defendants; and

WHEREAS the Court reinstated plaintiff's Complaint on May 15, 2012; and

WHEREAS plaintiff has repeatedly delayed this case by refusing to proceed with discovery and otherwise prosecute his case since the Court reinstated his Complaint in 2012; and

WHEREAS plaintiff failed to appear for a January 17, 2013 Court-Ordered status/settlement conference after UPS made numerous attempts to contact plaintiff to confirm his attendance, and plaintiff failed or refused to respond to any of these communications; and

WHEREAS defendants first served their discovery demands on plaintiff on September 20, 2012. Since plaintiff did not serve any response, the Court entered an Order requiring plaintiff to serve his responses to defendants' discovery demands by December 17, 2012. To date, plaintiff still has not served his discovery responses; and

WHEREAS defendants had to adjourn plaintiff's deposition due to his failure to serve discovery responses; and

WHEREAS in the eight months since the Court reinstated his Complaint, plaintiff has failed or refused to comply with Rule 26 and serve his initial disclosures. Consequently, by Order dated November 16, 2012, the Court required plaintiff to serve his disclosures by December 17, 2012. Plaintiff still has not complied with this Order and served the required disclosures; and

WHEREAS plaintiff failed to serve any discovery demands; and

WHEREAS plaintiff failed to comply with *F.R.C.P.* 26 by refusing to meet and confer in connection with his obligations to prepare a joint discovery plan; and

WHEREAS defendants contacted plaintiff at least three times to obtain his consent to a proposed confidentiality order and plaintiff refused to consent and/or provide any comments; and

WHEREAS by application dated December 11, 2012, plaintiff sought an eleven and a half month stay so that he could concentrate on his schoolwork. Plaintiff filed his stay application *ex parte*, without notice to defendants; and

WHEREAS on February 7, 2013, defendants filed an Order to Show Cause seeking the dismissal of plaintiff's Complaint because plaintiff failed to take any action in almost three years to prosecute his claims. Plaintiff's only opposition consisted of an additional request to stay the case until he concluded certain educational classes in November 2013. Plaintiff failed to otherwise address the merits of defendants' Order to Show Cause; and

WHEREAS plaintiff failed to appear for the March 20, 2013 Order to Show Cause Hearing as directed by the Court in the Court's Order dated February 8, 2013; and

WHEREAS in addition to delaying this litigation and not complying with the Court's Orders and the Federal Rules of Civil Procedure, plaintiff's dilatory tactics have prejudiced UPS and the individual defendants. For instance, plaintiff's employment was terminated in 2009, and the claims at issue occurred almost four years ago. In such a lengthy time span, witnesses become less available and memories fade. In addition, legal costs are needlessly incurred as the parties are required to duplicate preparation, spend more time preparing witnesses whose memories have faded, and file various motions and other applications for relief due to plaintiff's failure to comply with Court Orders and the Rules of Civil Procedure; and

WHEREAS plaintiff's alleged damages continue to accrue with each passing day, thereby further prejudicing defendants the longer this litigation lays dormant; and

WHEREAS plaintiff has deprived the four individual defendants of their right to a prompt resolution of this action; and

WHEREAS plaintiff has forced defendants and the Court to expend significant time and monetary resources on this matter despite plaintiff's refusal to prosecute his case; and

WHEREAS the Court considered lesser sanctions, but concluded that dismissal of plaintiff's Complaint with prejudice is proper given the circumstances. Other lesser sanctions, such as striking plaintiff's Complaint, would have the same effect as a dismissal. Monetary sanctions would also be ineffective since plaintiff claims that he has no income. Furthermore, given his conduct in this litigation, plaintiff would likely not respond to a Court Order for monetary sanctions (this is especially so since plaintiff has represented that he has no means to pay for an attorney); and

WHEREAS the Court considered administrative termination of this action while tolling the statute of limitations. However, this resolution would prejudice defendants for the reasons stated herein and deprive the individual defendants of a prompt resolution of this matter; and

WHEREAS the Court has considered the factors outlined in *Poulis v. State Farm Fair and Casualty Company*, 747 F.2d 863,

868 (3d Cir. 1984), which weigh in favor of dismissing plaintiff's Complaint with prejudice; and

WHEREAS it appears that defendants are entitled to the relief requested; and good cause having been shown;

IT IS on this 26th day of March 2013,

RESPECTFULLY RECOMMENDED that the Court dismiss plaintiff's Complaint in its entirety, against all defendants with prejudice for failure to prosecute, pursuant to *F.R.C.P.* 41(b); and

IT IS FURTHER RECOMMENDED that no costs or attorney fees shall be awarded to any party.

_____
HON. JOSEPH A. DICKSON, U.S.M.J